IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STANLEY E. MILES, JR.,

    Petitioner,

v.                                      CASE NO. 5:09-cv-200-RS-GRJ

WALTER A. MCNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Petitioner's *pro se* petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254. The petition arises from Petitioner's Jackson County convictions for attempted first-degree murder with a firearm, attempted second-degree murder with a firearm, and shooting at or within a building, for which he received two life sentences and 15 years imprisonment respectively. Petitioner contends that the trial court abused its discretion by allowing the State to strike an African-American venireperson without race-neutral reasons supported by the record. Petitioner also argues that his trial counsel rendered constitutionally ineffective assistance in failing to properly contest the striking of that venireperson. Petitioner also argues that his attorney was ineffective in four other unrelated matters. Respondent has filed a response and appendix with relevant portions of the state-court record (Doc. 18), and Petitioner has filed a reply. (Doc. 25). Upon due consideration of the petition, the response, the reply, and the state-court record, the undersigned recommends that the

petition be denied.[1]

## I. BACKGROUND

The following facts are set forth in Respondent's Appendix of the state-court record. *See* (Respondent's App., Exs. A-FF). Petitioner was charged in Jackson County with attempted first-degree murder with a firearm (Count I), attempted second-degree murder with a firearm (Count II), and shooting at or within a building (Count III). In Count I the State accused Petitioner of shooting his girlfriend in the arm, chest, and back. In Count II the State accused Petitioner of shooting a gas station clerk in the cheek. During the trial, the State produced evidence including witness testimony of the incident, testimony of Petitioner's prior threats against his girlfriend, and an undisputed videotape that showed Petitioner shooting the two victims. (Ex. B). On February 26, 2003, the jury found Petitioner guilty as charged on all three counts. (Ex. C). The trial court sentenced Petitioner to two life sentences for Counts I and II, and 15 years for Count III.

Petitioner appealed his conviction to the First District Court of Appeal claiming that the trial court abused its discretion by allowing the State to peremptorily strike an African-American venireperson without race-neutral reasons supported by the record. (Ex. G). The First District Court affirmed the trial court's judgment and sentence, *per curiam*, without a written decision on August 17, 2004. (Ex. I).

Petitioner then filed a motion for postconviction relief pursuant to Florida Rule of

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Criminal Procedure 3.850 raising eleven claims of ineffective assistance of counsel. (Ex. K). The allegations most relevant to Petitioner's pending habeas petition are that Petitioner's trial counsel was ineffective (1) for failing to contest the factual existence of the reasons offered by the State for challenging an African-American venireperson, (3) for failing to object to the State's interpretation of the jury instructions during voir dire, (7) for misadvising Petitioner as to his right to testify, (8) for failing to ensure Petitioner received a complete psychological examination, and (10) for failing to make an adequate motion for a judgment of acquittal. Petitioner argued that, but for his trial counsel's deficient performance, there was a reasonable probability that the outcome of his case would have been different, namely Petitioner would have been acquitted or convicted of lesser offenses.

Applying *Strickland v. Washington*, 466 U.S. 668 (1984), the state circuit court denied Petitioner's motion for postconviction relief on January 26, 2007. (Ex. M). With regard to Petitioner's first claim, the court determined that Petitioner's trial counsel did not render ineffective assistance because counsel twice objected to the African-American man being struck as a potential juror and asked for the record to reflect that objection. The court concluded that Petitioner's third claim was without merit because the State's definitions of premeditation and second-degree murder during voir dire did not deprive Petitioner of a fair trial or materially contribute to his conviction. The court found Petitioner's seventh claim to be refuted by the record, which revealed that the trial court gave Petitioner two opportunities to testify. As to Petitioner's eighth claim, the court concluded that a psychologist did conduct a complete evaluation of Petitioner. Lastly, the court determined that Petitioner's tenth claim was without merit because

Petitioner's counsel attempted to make an adequate motion for a judgment of acquittal.

Petitioner appealed the circuit court's denial of his postconviction motion. The First District Court of Appeal affirmed the denial of all but one of Petitioner's claims on September 18, 2007. (Ex. Q). The First District Court remanded the case to the Fourteenth Judicial Circuit with instructions for the court to conduct an evidentiary hearing or attach portions of the record that conclusively refuted Petitioner's eighth claim – that trial counsel failed to ensure that Petitioner received a complete psychological examination.

On remand, the circuit court granted an evidentiary hearing on Petitioner's eighth claim. (Ex. S). Both Petitioner and Petitioner's trial counsel testified at the evidentiary hearing on February 26, 2008. (Ex. U). Petitioner testified that he never underwent a complete psychological evaluation. Petitioner claimed that his evaluation was limited to answering several hundred written questions that an unidentified woman brought to him while he was incarcerated. The psychological report in evidence, however, listed Dr. Clinton Rhyne, a man, as Petitioner's evaluator. Petitioner's trial counsel testified that he ordered Dr. Rhyne to conduct a psychological evaluation of Petitioner to cover all possible defenses even though counsel did not believe that Petitioner had any competency issues. At the hearing, the court found that Dr. Rhyne's evaluation of Petitioner was "very thorough" since Dr. Rhyne "went into [Petitioner's] background, any prior complaints, talked to jailers, [and] talked to [Petitioner] . . . ." (Ex. U, 46).

On March 17, 2008, the circuit court denied Petitioner's motion for postconviction relief. (Ex. V). The court found that Petitioner's testimony was "not very credible" and that Petitioner's representation of the facts was "hard to believe" when compared to the

testimony of a veteran defense attorney. (Ex. V, 56). The court also noted that although Petitioner claimed that a complete psychological exam would have supported an insanity defense, Petitioner seemed to describe a diminished capacity defense, which is not recognized in Florida. Applying *Strickland*, the court concluded that Petitioner failed to show that counsel's performance was deficient and failed to show that counsel's performance prejudiced Petitioner. The court, therefore, determined that Petitioner's counsel did not render ineffective assistance. On March 16, 2009, the First District Court affirmed the circuit court's order, *per curiam*, without a written decision. (Ex. CC).

Petitioner then filed the instant federal habeas petition on June 11, 2009 raising the following six previously raised grounds for relief: (1) the trial court abused its discretion by allowing the State to peremptorily strike an African-American venireperson without record support for the State's race-neutral reasons, (2) Petitioner's trial counsel rendered ineffective assistance by failing to contest the State's reasons for challenging the same African-American venireperson, (3) counsel was ineffective for failing to ensure that Petitioner received a complete psychological exam, (4) counsel was ineffective for making an inadequate motion for a judgment of acquittal, (5) counsel was ineffective for misadvising Petitioner about his right to testify, and (6) counsel was ineffective for failing to object to the State's definition of premeditation and second-degree murder during voir dire. (Doc. 1).

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication

    (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" refers only to the holdings, not dicta, of the Supreme Court. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citation omitted); *see Williams v. Taylor,* 529 U.S. 362, 412 (2000). Decisions of lower federal courts, however, are instructive to the extent that they demonstrate how those courts applied Supreme Court holdings. *See* Hawkins, 318 F.3d at 1309.

    The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams,* 529 U.S. at 404-06; *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). A state court's decision is "contrary to" clearly established federal law if the "state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court's decision involves an "unreasonable application" of clearly established federal law if the "state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

    Additionally, the reasonableness of a state court's factual findings must be assessed in light of the record before the court. *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003). A state court's factual determinations are presumed to be correct absent the

petitioner's rebuttal by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Lastly, a state court does not need to explain its decision through a reasoned opinion for the decision to be considered an adjudication on the merits. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011); *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254-55 (11th Cir. 2002). In other words, a state court's summary rejection of a constitutional issue is entitled to deference under AEDPA. *Harrington*, 131 S.Ct. at 784; *Wright*, 278 F.3d at 1254.

## Standard for Ineffective Assistance of Counsel

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of *Strickland* is appropriate. For a petitioner to prevail on a claim of constitutionally ineffective assistance of counsel, the petitioner must demonstrate both that (1) his counsel's performance was deficient, and (2) counsel's performance prejudiced his defense. *Strickland*, 466 U.S. at 687 (1984). A court may address the two prongs of an ineffectiveness claim in either order and may dispose of a claim if the petitioner makes an insufficient showing on either prong. *Id.* at 697. For example, if a petitioner fails to make a sufficient showing of prejudice, the court need not address the adequacy of counsel's performance. *Id.*; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

To satisfy the performance prong, a petitioner must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). At the same time, a court's scrutiny of counsel's performance must be highly deferential, and the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Strickland*, 466 U.S. at 689. Courts must assess counsel's

...

performance in light of all the circumstances at the time and under an objective standard of reasonableness. *See id* at 688-89. For a court to find that counsel's performance is unreasonable, a "petitioner must establish that *no competent counsel would have taken the action his counsel did take*." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis in original) (citations omitted).

To satisfy the prejudice prong, "[i]t is not enough for [a petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Under *Strickland*, a reasonable probability is one that "is sufficient to undermine confidence in the outcome." *Id.* Given the foregoing standards, the Eleventh Circuit has recognized that "the cases in which habeas petitioners can prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting *Walter v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995)).

### III. <u>DISCUSSION</u>

Respondent concedes that Petitioner is in the lawful custody of the State, that Petitioner timely filed the instant petition, and that Petitioner exhausted the state court's remedies on his pending claims. Therefore, it is appropriate for the Court to review Petitioner's six grounds for relief.

**1.  Abuse of Discretion by Trial Court for Allowing State to Strike African-American Juror**

Petitioner claims in his first ground for relief that the trial court abused its discretion by allowing the State to strike an African-American venireperson without

race-neutral reasons supported by the record. According to Petitioner, the court's abuse of discretion resulted in a violation of Petitioner's Due Process and Equal Protection rights guaranteed by the U.S. Constitution.

Petitioner's first ground is controlled by *Batson v. Kentucky*, 476 U.S. 79, 89 (1986), which prohibits the striking of potential jurors on the basis of race and establishes the following procedure for courts to evaluate the presence of discriminatory intent. First, the party challenging a peremptory strike must make a prima facie case of discriminatory purpose on the part of the striking party. *Id.* at 96-98. Then, the striking party must advance a race-neutral explanation for the strike. *Id.* Finally, the trial court must decide whether the challenging party met its burden of proving purposeful discrimination. *Id.*

During the trial, Petitioner's counsel raised a *Batson* challenge to the State's peremptory strike of an African-American venireperson. The State initially justified its strike on the grounds that the potential juror was quiet, avoided eye contact, and had prior problems with law enforcement. The court then accepted these reasons as valid and struck the juror. In response to two renewed objections by Petitioner, the State justified the strike on the additional grounds that, according to information from law enforcement, the venireperson in question had relatives who previously had been arrested. Without receiving the names of the relatives, the judge briefly stated that "Based on [the State's] certification I'm going to overrule your objection, Counsel." (Ex. B, 6). When Petitioner raised this abuse of discretion claim on direct appeal, the First District Court of Appeal affirmed the trial court's judgment, *per curiam*, without written opinion. (Ex. I).

As previously discussed, a state court's summary rejection of a constitutional claim qualifies as an adjudication on the merits that is entitled to deference under § 2254(d). Therefore, the Court will not second-guess the state court's decision unless Petitioner provides clear and convincing evidence to do so. The First District Court affirmed the trial court's determination that the State's peremptory strike of an African-American venireperson was not based on race. This Court, therefore, must presume that finding to be correct. The trial court, in reaching its decision, accepted the State's certification that the potential juror's family had problems with law enforcement. The trial judge was in the best position to determine the genuineness of the State's reasons for striking the potential juror, and Petitioner has not demonstrated that it was unreasonable for the court to accept the State's certification. Furthermore, the trial court followed the correct three-part procedure for evaluating *Batson* challenges. Accordingly, the state court's finding that the State's race-neutral reasons were genuine was not contrary to or an unreasonable application of *Batson*, and was not an unreasonable determination of the facts in light of the evidence presented in the court.

**2.     Ineffective Assistance Regarding Counsel's Failure to Contest State's Reasons for Striking an African-American Juror**

Petitioner asserts in his second ground for relief that his trial counsel rendered ineffective assistance by failing to contest the State's reasons for striking the same African-American venireperson. Although Petitioner's counsel raised a *Batson* challenge to the State's peremptory strike of the African-American venireperson and counsel raised two additional objections to the sufficiency of the State's reasons for the strike, Petitioner argues that counsel should have requested that the potential juror be

Case 5:09-cv-00200-RS-GRJ   Document 30   Filed 07/12/12   Page 11 of 18

Page 11 of 18

questioned further with respect to his family's criminal history or counsel should have requested that the State produce evidence for its claim. The circuit court denied this ground in Petitioner's postconviction motion finding Petitioner's claim to be "without merit." (Ex. M, 160). The court also noted that the record at trial refuted Petitioner's allegations since Petitioner's counsel had "on two occasions objected to [the venireperson] being struck as a potential juror and asked the record reflect such objection." (Ex. M, 160). The First District Court then affirmed the circuit court's denial of Petitioner's second ground for relief without comment. (Ex. Q).

As noted above, *Strickland* sets forth the clearly established legal standard applicable to ineffectiveness of counsel claims. The circuit court acted in accordance with *Strickland* when it concluded that Petitioner's counsel had indeed contested the State's reasons for striking the potential juror, in effect, finding that the performance of Petitioner's counsel was not deficient. Because the state court concluded that counsel performed reasonably, there was no need for the court to analyze whether counsel's performance prejudiced Petitioner's defense. Accordingly, Petitioner has failed to show that the state court's rejection of this ineffective assistance claim was contrary to or an unreasonable application of *Strickland,* or that the rejection was based on an unreasonable determination of the facts.

**3.     Ineffective Assistance Regarding Counsel's Failure to Ensure Petitioner Received a Complete Psychological Examination**

Petitioner's third ground for relief received the greatest scrutiny in state court. Petitioner claims that his trial counsel rendered ineffective assistance by failing to ensure that Petitioner received a complete psychological examination. Petitioner

testified that he was never completely evaluated by a doctor and that he only answered several hundred written questions brought to him by an unidentified woman. Although Petitioner's trial counsel could not remember sharing with Petitioner the results of the psychological report that he ordered, counsel testified that it was his common practice to discuss such reports with clients. Petitioner argues that the results of a complete psychological evaluation would have supported a defense of temporary insanity, shown that Petitioner could not have formed the requisite intent to commit first-degree murder, and therefore, would have resulted in a lesser verdict. Considering Petitioner's third ground for relief (then eighth ground) on remand from the First District Court, the circuit court judge stated in the evidentiary hearing that

> I have now reviewed the confidential evaluation of Dr. Ryan [sic] and it appears to be very thorough. [The doctor] went into his background, any prior complaints, talked to jailers, talked to the defendant, and so I'm going to deny the Motion for a 3.850 ground 8 in particular based upon [the doctor's report] and the testimony that I've heard here today.

(Ex. U, 46-47). The only testimony that the court heard at the evidentiary hearing came from Petitioner and Petitioner's trial counsel, whose statements are summarized above.

Following the evidentiary hearing, the judge entered a written order denying Petition's postconviction motion with regard to ground three. The trial court judge stated:

> When this Court reviews the evidence submitted and the testimony presented, Defendant's claim is without merit. The Court finds that Defendant's testimony presented is not very credible. Furthermore, the Defendant's representation of the facts as it relates to this claim are inconsistent and frankly hard to believe when compared to the testimony of a veteran defense attorney. In addition, the Defendant's statements that he did not review the report until today is equally unbelievable. Because the Defendant was found to be sane and able to stand trial by trial counsel's own precautionary actions, the Court finds that counsel was not ineffective.

> Despite the Defendant's claim being without merit, he appears to be describing in his Motion for Postconviction Relief a diminished capacity defense, which is not recognized in the State of Florida. *See Evans v. State*, 946 So.2d 1, 11 (Fla. 2006) (The trial court correctly held that defense counsel is not ineffective for failing to present the defense of diminished capacity because diminished capacity is not a viable defense in Florida.) By contrast, the insanity defense applies only when "at the time of the alleged crime, the defendant was by reason of mental infirmity, disease, or defect unable to understand the nature and quality of his act or its consequences or was incapable of distinguishing right from wrong." *See Hall v. State*, 568 So.2d 882, 885 (Fla. 1990).

The trial court went on and concluded:

> Applying [the *Strickland*] standard to the present case, the Court finds that the Defendant has failed to establish that counsel's performance was deficient, nor that Defendant was prejudiced by counsel's performance. Defendant has failed to show a specific act or omission that was a substantial and serious deficiency measurably below that of competent counsel. Moreover, the Defendant has failed to show a deficiency so substantial as to probably have affected the outcome of the proceedings. Finally, the Defendant has failed to affirmatively prove prejudice. As a result, the Court finds that the Defendant did not receive ineffective assistance of counsel as he asserts throughout his motion.

(Ex. V, 56-57). The First District Court later affirmed the decision of the circuit court, *per curiam*, without written opinion.

The state court correctly analyzed Petitioner's third ground for relief under *Strickland*, the controlling Supreme Court precedent for ineffective assistance claims. Furthermore, the findings of the state court -- including the finding that the psychological report was thorough and that Petitioner's testimony was not credible when compared to his counsel's testimony -- are entitled to deference and are supported by the evidence. The state court applied the two prongs of *Strickland* when it determined that Petitioner failed to establish that his counsel's performance was deficient and that counsel's performance prejudiced him. Therefore, the state court's

decision denying Petitioner's third ground for relief was not contrary to or an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.

**4.      Ineffective Assistance Regarding Counsel's Inadequate Motion for a Judgment of Acquittal**

Petitioner asserts in his fourth ground for relief that his trial counsel rendered ineffective assistance by making an inadequate motion for a judgment of acquittal. After the State rested its case at trial, Petitioner's counsel moved the court for a judgment of acquittal by broadly arguing that the State failed to establish a prima facie case for each charge and, in particular, arguing that the State failed to prove that Petitioner had time for reflection regarding the charge of attempted first-degree murder. Petitioner contends that had counsel specifically moved the court for a judgment of acquittal on the charge of attempted second-degree murder the court would have granted the motion. When Petitioner raised this claim of ineffective assistance of counsel in his postconviction motion, the state circuit court denied it stating follows:

> [T]he Defendant claims that counsel was ineffective for failing to make an adequate motion for judgment of acquittal. Defendant's claim is refuted by the record and without merit. A review of the record clearly shows that counsel did attempt to make an adequate motion for judgment of acquittal. Specifically, counsel stated on the record that the State failed to establish a prima facie case as to each charge and what the Defendant's state of mind was. Furthermore, counsel also stated that the State had to prove that Defendant had time for reflection and meditation and the State failed to prove any of that. (See TSOF 297-298). Where there is no showing that a motion for judgment of acquittal had a likelihood of success, a movant has not presented a facially sufficient claim of ineffective assistance of counsel. *See Neal v. Florida*, 854 So. 2d 666 (Fla. 2d DCA 2003).

(Ex. M, 162). On appeal, the First District Court affirmed the lower court's rejection of

this claim without further elaboration.

Although the state court did not cite any Supreme Court cases when it denied this claim, a state court is not required to cite Supreme Court cases or even be aware of controlling Supreme Court precedent as long as the reasoning and result of the state court's decision do not contradict those cases. *Von Young v. McNeil*, No. 3:06cv98/RV/EMT, 2009 WL 465051, *8 (N.D. Fla. Feb. 24, 2009) (citing *Early v. Packer*, 537 U.S. 3, 8 (2002)).

In the instant case, the state court's reasoning does not contradict *Strickland*. The state court determined that Petitioner's counsel attempted to make an adequate motion for a judgment of acquittal, and the court also suggested that Petitioner had not demonstrated that had the motion been presented, as suggested by Petitioner, that there was any likelihood of success. Simply stated the state trial court concluded that Petitioner could not have been prejudiced by counsel's failure to raise a meritless motion. Accordingly, Petitioner has failed to show that the state court's rejection of this ineffective assistance claim was contrary to or an unreasonable application of *Strickland,* or that it resulted in a decision that was based on an unreasonable determination of the facts.

**5.     Ineffective Assistance Regarding Counsel Misadvising Petitioner of his Right to Testify**

In his fifth ground for relief, Petitioner claims that his trial counsel affirmatively misadvised Petitioner about his right to testify. Petitioner alleges that although he wanted to testify, counsel told Petitioner that the State could not prove premeditation unless Petitioner testified. Petitioner argues that had he testified the jury would not have

convicted Petitioner of attempted first-degree murder because his testimony would have negated evidence put forth by the State. In denying this claim in Petitioner's postconviction motion, the circuit court reasoned that

> [T]he Defendant claims that counsel was ineffective for misadvising the Defendant as to his right to testify. Defendant's claim is refuted by the record and without merit. This Court stated on the record to the Defendant, "Mr. Miles, it is my understanding that you have decided not to testify in this case." Defendant's response was "Yes, sir." This Court went on to advise the Defendant of his right to testify. (*See* TSOF 298-299) In addition, Defendant was asked by counsel off the record if he wanted to testify. At which time, defense counsel asked the Court for a moment to check with the Defendant. When they returned, Defendant's counsel on the record stated, "No, he's not going to take the stand, Judge, we can go ahead and send the jury." (See TSOF 296) If the Defendant wanted to testify, he was given the opportunity twice to do so and could have made his wishes known to the Court at that time. . . . Furthermore, defendant claiming his right to testify was violated must show that counsel's performance was deficient and that this prejudiced the defendant. *See Oisorio v. State*, 676 So. 2d 1363 (Fla. 1996). This Court finds that the Defendant did not meet this burden and his claim is denied.

(Ex. M, 161). The First District Court affirmed the circuit court's denial of this claim without further comment.

As noted by the state court, the trial record refutes Petitioner's fifth ground for relief. After the State rested its case, Petitioner consulted with his counsel as to whether Petitioner would testify, and then counsel informed the judge that Petitioner would not testify. (Ex. B, 296). The judge also directly advised Petitioner of his right to testify. *Id.* at 299. Petitioner answered affirmatively when the judge asked if Petitioner understood that he had the right to testify. *Id*. Finally, when the judge asked Petitioner if he decided not to testify, Petitioner responded, "Yes, sir." *Id*. The state court's determination that Petitioner did not show that his counsel's performance was deficient and that counsel's performance prejudiced Petitioner is entitled to deference, is fully supported by the

record, and was a correct application of the *Strickland* standard. Therefore, the Court concludes that the state court's rejection of Petitioner's fifth ground was not contrary to or an unreasonable application of *Strickland,* and it was not based on an unreasonable determination of the facts.

**6.    Ineffective Assistance Regarding Counsel's Failure to Object to State's Definition of Jury Instructions During Voir Dire**

Petitioner claims as his sixth ground for relief that his trial counsel rendered ineffective assistance by failing to object to the State's definition of premeditation and second-degree murder during voir dire. Petitioner contends that if counsel had objected to the State's definition of those terms, then the jury would have found that the State did not establish the element of premeditation with respect to Count I, and the jury would have only convicted Petitioner of attempted manslaughter on Count II. The state court denied this claim in Petitioner's postconviction motion for the following reason:

> [Defendant] claims that counsel was ineffective for failing to object to the State's interpretation of the jury instructions on premeditation and second degree murder during voir dire. Defendant's claim is without merit. In order to get a new trial, the comments made by the prosecutor must either deprive defendant of a fair and impartial trial, materially contribute to conviction, be so harmful or fundamentally tainted as to require a new trial; or be so inflammatory that they might have influenced the jury to reach a more severe verdict than it would have otherwise. *See Spencer v. State*, 645 So. 2d 377 (Fla. 1994). Contrary to the Defendant's assertions, the prosecutor's comments did not meet this burden. In fact, the prosecutor explained the definition and told them [that the trial judge] would provide them with the legal definitions. Therefore, Defendant's counsel was not ineffective for failing to object to State's alleged improper definition to the jury.

(Ex. M, 160-61). The First District Court affirmed the circuit court's denial of the preceding claim without further comment.

The state court determined that the State's definition of premeditation and

second-degree murder during voir dire did not deprive Petitioner of a fair trial, and therefore, that Petitioner's counsel was not ineffective for failing to object to the State's definition of those terms.

The state court's decision was in accordance with *Strickland* and supported by the record. Petitioner has failed to demonstrate otherwise. Because Petitioner has failed to show that the state court's decision was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts, Petitioner is not entitled to relief on any of the six grounds raised in the pending petition.

## IV. CONCLUSION

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a Writ of Habeas Corpus, Doc. 1, be **DENIED,** and that a certificate of appealability be **DENIED**.

IN CHAMBERS  this 12th day of July 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.